**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CUONG HUYNH,** | : | |
| | : | **Civil No. 1:20-CV-1460** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | |
| | : | **(M. J. Carlson)** |
| **WILLIAM BARR, et al.,** | : | |
| | : | |
| **Respondents** | : | |

## MEMORANDUM OPINION

### I.    Statement of Facts and of the Case

Cuong Huynh, a federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which attacks aspects of a 78-month sentence imposed upon him by the United States District Court for the Eastern District of Virginia in May of 2019 following his conviction for conspiring to distribute controlled substances. (Doc. 1). Upon consideration of this petition, for the reasons set forth below, this matter will be transferred to the United States District Court for the Eastern District of Virginia for further proceedings.

### II.    Discussion

#### A.    This Petition Should Be Transferred to the Sentencing Court

In this case, we find that the petitioner has not made out a valid case for pursuing habeas relief in this district in lieu of a seeking relief in the district of conviction under 28 U.S.C. §§ 2241 or 2255. With respect to sentencing claims like

those made here, in this circuit it is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); see also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). It is now clearly established that § 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). Indeed, it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to

28 U.S.C. § 2255.' " <u>Gomez v. Miner</u>, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting <u>Myers v. Booker</u>, 232 F.3d 902 (10th Cir. 2000)). Instead, section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly violates the Constitution or federal laws or that is otherwise subject to collateral attack. <u>See Davis v. United States</u>, 417 U.S. 333, 343 (1974). Thus, federal inmates who wish to challenge the lawfulness of their sentences must typically file motions with the sentencing court under § 2255.

In this court, this general rule admits of only one, narrowly-tailored exception, albeit an exception that has no application here. A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); <u>see also</u> <u>United States v. Brooks</u>, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." <u>Okereke v. United States</u>, 307 F.3d 120 (3d Cir. 2002) (citing <u>Cradle v. United States</u>, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." <u>Cradle</u>, 290 F.3d at 538-39 (citing <u>Garris v. Lindsay</u>,

794 F.2d 722, 727 (D.C. Cir. 1986)).

Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. In short, Huynh may not avoid the necessity of pursuing relief under § 2255 by merely contending as he does in this petition that he was delinquent and tardy in filing for post-conviction relief. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his petition simply do not demonstrate under the controlling legal standards in this circuit that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of the petitioner's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. § 2255. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. On its face, this petition simply does not

demonstrate that this narrow exception has any legitimate application to the instant proceedings. The petitioner is not alleging that this case entails matters which an intervening change in substantive law has made no longer criminal. Dorsainvil, 119 F.3d at 251. Quite the contrary, conspiring to distribute drugs remains as unlawful now as it was in 2019 when the petitioner was convicted of this offense. Therefore, the Dorsainvil exception, under which § 2241 relief could be available in lieu of a motion under 28 U.S.C. § 2255, simply has no application to this case.

Furthermore, this is a case where consideration of the petitioner's claims by the sentencing court is particularly appropriate since these claims may entail development of a factual record and call for application of Fourth Circuit precedent. Recognizing that this matter is not appropriately brought before this court, the petition could either be dismissed or transferred to the Eastern District of Virginia so the sentencing district court may consider this petition. While both courses—dismissal or transfer—are available to this court, we believe that the transfer of this case to the court of conviction is the appropriate path to follow. On this score, we note that federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation. Thus, such petitions are also subject to the general rules governing venue in civil litigation, including title 28 U.S.C. § 1404(a), which states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, we observe that when courts in this district have been confronted by habeas petitions, like the petition lodged here, which challenge aspects of a sentence imposed by another federal district court, they have often relied upon § 1404 to order the transfer of the petition to the sentencing court for its consideration. In reaching this result we have observed that:

> The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94, 93 S. Ct. 1123, 35 L.Ed.2d 443 (1973). Indeed, this Court has followed this course of action in other cases where an inquiry into the sentencing court's intent was necessary to properly dispose of a petition. . . . . See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, at *2 (M.D. Pa. Jun. 28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D. Pa. April 14, 2008) (Munley, J.) (citing Verissimo v. INS, 204 F. Supp. 2d 818, 820 (D.N.J. 2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").

Stover v. Sniezek, No. 1:10-CV-1213, 2010 WL 3220318, *4 (M.D. Pa. Aug. 12, 2010) (Jones, J.); see also Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, *2 (M.D. Pa. Jun. 28, 2010) (Jones, J.); Gardner v. Williamson, Civil No.

6

3:07-CV-1788, 2008 WL 1752229, *4 (M.D. Pa. April 14, 2008) (Munley, J.).

In this case, the prerequisites for a transfer of this matter to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404 are fully satisfied. At the outset, it is apparent that this venue is another district where this claim might have been brought through a motion under 28 U.S.C. § 2255. Indeed, that district is the most appropriate venue for this particular challenge to the petitioner's conviction and sentence.

It is also evident that the second prerequisite for a transfer order is present here: A transfer of this action would serve: "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. § 1404(a). As we have previously noted when transferring other petitions to the sentencing district:

> Because the District Court . . . sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing . . . determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner, 2008 WL 1752229, at *4.

Moreover, in the instant case:

> We need not . . . be overly concerned with the limitations on transfer in section 1404(a), as we believe that there is at least a plausible argument that if [the petitioner] has no other remedy in the district of his conviction and sentencing, the [sentencing] Court . . . would approve of the district court's exercising jurisdiction under the All–Writs Act, 28 U.S.C. § 1651(a) to grant him a writ of error *coram nobis*. See United States v. Shamy, 886 F.2d 743 (4th Cir. 1989); United States v. Mandel, 862 F.2d 1067 (4th Cir. 1988).

7

In re Nwanze, 242 F.3d 521, 526 (3d Cir. 2001).

In addition, an order transferring this case to the sentencing district for further proceedings also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. See 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

Finally, we note that: "[a] motion to transfer venue . . . involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). See Silong v. U.S., 5:05–CV–55–OC–10GRJ, 2006 WL 948048, at *1 n. 1 (M.D. Fla. April 12, 2006); Blinzler v. Marriott Int'l, Inc., No. Civ. A. 93–0673L, 1994 WL 363920, at *2 (D.R.I. July 6, 1994); O'Brien v. Goldstar Tech., Inc., 812 F. Supp. 383 (W.D.N.Y. 1993); Russell v. Coughlin, No. 90 Civ. 7421, 1992 WL 209289 (S.D.N.Y. Aug. 19, 1992); Hitachi Cable Am., Inc. v. Wines, Civ.A. No. 85–4265, 1986 WL 2135 (D.N.J. Feb. 14, 1986). This is true 'because it can only result in the transfer of a case to another federal district, not in

8

a decision on the merits or even a determination of federal jurisdiction.' Adams v. Key Tronic Corp., No. 94 Civ. AO535, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases)." Berg v. Aetna Freight Lines, CIV.A. 07–1393, 2008 WL 2779294 (W.D.Pa. July 15, 2008). See, e.g., Brett v. Gertz, 3:12–CV–1429, 2012 WL 4839006 (M.D. Pa. Sept. 12, 2012) report and recommendation adopted, 3:CV–12–1429, 2012 WL 4838997 (M.D. Pa. Oct. 10, 2012) (citing Market Transition Facility of New Jersey v. Twena, 941 F.Supp. 462 (D.N.J. 1996)); Holley v. Robinson, CIV. 1:10–CV–585, 2010 WL 1837797 (M.D. Pa. Apr. 2, 2010) report and recommendation adopted, 1:10–CV–585, 2010 WL 1837793 (M.D. Pa. May 6, 2010) (same); McManus v. Giroux, No. 3:13-CV-1729, 2013 WL 3346848, at *2–3 (M.D. Pa. July 2, 2013). Therefore, the decision to transfer a case rests within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion. See Franklin v. GMAC, CIV.A. 13–0046, 2013 WL 140042 (W.D. Pa. Jan. 10, 2013) ("Orders to transfer are not listed as dispositive..... A Magistrate Judge may rule on such matters pursuant to 28 U.S.C. § 636(b)(1)(A). See, e.g., Silong v. United States, 2006 WL 948048, at *1 n. 1 (M.D. Fla. 2006). See also In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998) (a dispositive order is one that "terminates the matter in the federal court"). This is true "because [the ruling] can only result in the transfer of a case to another federal district, not in a decision on the

merits or even a determination of federal jurisdiction." <u>Adams v. Key Tronic Corp.</u>, 1997 WL 1864, at *1 (S.D.N.Y. 1997) (collecting cases); <u>see also</u> <u>Holley v. Robinson</u>, 2010 WL 1837797, *2 (M.D. Pa. 2010) (since "order transferring a case is not a dispositive final order in that case, this proposed transfer is a matter which lies within the authority of either the district court, or this [magistrate] court."); <u>Berg v. Aetna Freight Lines</u>, 2008 WL 2779294, at *1 (W.D. Pa. 2008) ("A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)") (collecting cases)).

## III.   **Conclusion**

For the foregoing reasons, IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of Virginia for further proceedings.

An appropriate order follows.

Submitted this 18th day of August 2020.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

10